UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CR No. 21-00076-JJM |
| | : |
| ALEXANDER E. ISTOMIN | : |

**MEMORANDUM AND ORDER**

Pending before me for determination (28 U.S.C. § 636(b)(1)(A)) is Defendant's Motion for Bond. (ECF No. 12). The Government opposes the Motion. For the reasons that follow, the Motion is DENIED. After a bail hearing in the Southern District of Florida, a Magistrate Judge in that District reasonably found, supported by clear and convincing evidence, that Defendant presented a risk of flight and that no condition or combination of conditions of pretrial release would reasonably assure the Defendant's appearance in this case as required, and he ordered pretrial detention. (ECF No. 7 at pp. 22-26). A second bail hearing was held in this District on September 13, 2021. After de novo review of the entire record, this Court also concludes that Defendant should be detained as a risk of flight pursuant to 18 U.S.C. § 3142(e).

Defendant is charged by Indictment with a multi-state health care fraud scheme dating back to 2014 and involving approximately $4 million in intended losses to the victims. The Indictment charges a scheme in which Defendant fraudulently billed commercial insurers and Medicare for medical services purportedly performed in medical offices in New York, Rhode Island, and Florida that were not actually performed. The Government proffers that the evidence gathered shows many instances of medical services allegedly provided at times when Defendant and/or the purported patient were not even present in the United States. The evidence also shows that the

Rhode Island office was essentially vacant and used as a front with no employees present or patient traffic, and that the New York office showed little evidence of an active medical practice but did contain thousands of mislabeled pills with patient names and other information removed from the bottles.  The bottom line is that the weight of the evidence against Defendant is very strong.  He faces a significant sentence if convicted as well as a substantial order of monetary restitution to victims.  He also faces the possibility of additional felony charges related to the pills discovered at the New York office.

Defendant was born in Russia in 1966 and became a naturalized United States citizen in 1994.  He has significant family and business ties in both Florida and New York.  However, he also has significant family and business ties in Russia.  He has a minor prior criminal history.  Although it appears that Defendant possessed several firearms at the time of his arrest, there is no indication that they were possessed illegally, and his attorney represents that he is willing to surrender those firearms as a condition of release.  The Government proffers that its investigation and the searches of Defendant's residence and office in Florida revealed that Defendant has access to numerous credit cards and bank accounts in the names of others, as well as the personal identifying information of others.  It reasonably argues that such access gives Defendant the means for flight.  It also proffers that Defendant has used multiple aliases in the past and that the cash proceeds of the fraud are presently unaccounted for.  While Defendant's counsel represents that Defendant had permission from others to possess and use the account and personal identifying information referenced by the Government, the issue is not whether Defendant had such permission, but rather it is the access itself and the potential to use such accounts and information as a means of flight.  The Government also reasonably points out some significant discrepancies in the information Defendant provided during his pretrial services interview in Florida.  It

reasonably appears that Defendant substantially understated the frequency of his travel to and from Russia in recent years and did not fully disclose the extent of his business accounts.  He also apparently misrepresented that he was legally married to his partner, and that he and his partner rented rather than owned their Florida residence, as is the case.

Based on the above facts, the Court concludes that the Government has met its burden of establishing that no condition or combination of conditions of pretrial release would reasonably assure the Defendant's appearance for future Court proceedings as required.  Accordingly, the Court ORDERS that Defendant remain detained pending further proceedings in this case.

SO ORDERED


  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 17, 2021