UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>ALEXANDER E. ISTOMIN, a/k/a )<br>Alexander Istomin, MD, and a/k/a )<br>Eugene Istomin, )<br>    Defendant. )<br>) | CR. No. 21-cr-76-JJM-LDA |

### ORDER ON REVIEW OF DETENTION ORDER

The Government has charged Alexander E. Istomin with ten counts – one count of health care fraud, eight counts of mail fraud, and one count of money laundering. ECF No. 3. After a bail hearing in the Southern District of Florida, Magistrate Judge Patrick M. Hunt found that Mr. Istomin presented a risk of flight. ECF No. 7 at 22–26. Because no condition or combination of conditions of pretrial release would reasonably assure his appearance, he ordered pretrial detention. *Id.* A second bail hearing was held in this District, and Magistrate Judge Lincoln D. Almond found the same. ECF No. 15. Mr. Istomin now seeks review of these orders that he be detained, pursuant to 18 U.S.C. § 3145(b). ECF No. 18.

The Court must order the detention of a defendant pending trial "[i]f, after a hearing . . . the judicial officer finds that no condition or combination of conditions would reasonably assure the appearance of the person as required and the safety of

any other person and the community . . . ."[1] 18 U.S.C. § 3142(e)(1). The burden is on the government to prove the risk of flight by a preponderance of the evidence. *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021). Factors to be considered include: "(1) the nature and circumstances of the offense charged"; "(2) the weight of the evidence against the person"; "(3) the history and characteristics of the person"; and "(4) the nature and seriousness of the danger to any person in the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

The weight of the evidence against Mr. Istomin is strong. He faces a guideline range of up to ten years in prison for a fraud alleged to exceed of $4 million.[2] When speaking to authorities about these charges, Mr. Istomin has given inconsistent statements.

Mr. Istomin also has the means and capacity to flee. He has previously used multiple aliases, and even has credit cards and bank accounts in multiple different names. At the time of his arrest, the officials found in his home: a printer used to print identification documents; a social security card in the name of another; and multiple passports marriage licenses. When asked about his deception, Mr. Istomin has wavered when speaking to probation about the number of bank accounts he has,

---

[1] Neither the government nor the two magistrate judges that reviewed his detention assert that the safety of any other person and the community is implicated in the detention decision.

[2] *Cf.* 18 U.S.C. § 3142(e)(3)(A) (holding that there is at least one offense where a period of incarceration of at least ten years creates a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community . . . .").

the existence of an alternative passport, and the number of times he traveled internationally.

The reason behind these international travels is due to Mr. Istomin's extensive personal and business ties to Russia. He was born in Russia (naturalized as a US citizen in 1994) and his father still lives there. Moreover, he has a medical degree from a St. Petersburg Medical School and, as such, can practice medicine in Russia.

After a de novo review of the entire record, and hearing arguments of counsel, the Court finds that the Government has shown by a preponderance of the evidence that there are no conditions or combination of conditions that reasonably will assure Mr. Istomin's appearance in court as required. The Court DENIES his Motion for Review of the Detention Order. ECF No. 18.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief United States District Judge

October 29, 2021

3