AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| **ALEXANDER E. ISTOMIN** | ) | Case Number: **1:21CR00076-01-JJM** |
| | ) | USM Number: **59395-509** |
| aka Alexander Istomin, MD | ) | |
| aka Eugene Istomin | ) | **Arthur Gershfeld, Esq. and Kevin Bristow, Esq.** |
| | | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  1 - 11 of the Information

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1347 | Health Care Fraud | 9/13/2022 | 1 |
| 18 USC § 1341 | Mail Fraud | 9/13/2022 | 2-9 |
| 18 USC § 1028A(a)(1) | Aggravated Identity Theft | 9/3/2018 | 10 |

The defendant is sentenced as provided in pages 2 through  10  of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/4/2023
Date of Imposition of Judgment

_[signature]_
Signature of Judge

John J. McConnell, Jr.
Chief Judge
Name and Title of Judge

4/7/2023
Date

AO 245B  (Rev. 09/19) Judgment in a Criminal Case Sheet 1A

DEFENDANT: **ALEXANDER E. ISTOMIN**
CASE NUMBER: **1:21-CR-00076-01-JJM**

Judgment—Page 2 of 10

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC § 331(k) and § 333 (a)(2) | Causing the Introduction of Misbranded Drugs | 3/14/2018 | 11 |

AO 245B  (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

DEFENDANT: **ALEXANDER E. ISTOMIN**
CASE NUMBER: **1:21-CR-00076-01-JJM**

Judgment — Page **3** of **10**

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

**84 Months. 60 Months as to Counts 1-9 to run concurrently; 36 Months as to Count 11, to run concurrently with Counts 1-9; and 24 months as to Count 10, to run consecutively to Counts 1-9, 11.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 4 of 10

DEFENDANT: ALEXANDER E. ISTOMIN
CASE NUMBER: 1:21-CR-00076-01-JJM

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

3 years.  3 years as to Counts 1-9; and 1 year as to Counts 10-11, to run concurrent to the Counts 1-9.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                  Sheet 3A — Supervised Release

Judgment—Page __5__ of __10__

DEFENDANT: ALEXANDER E. ISTOMIN
CASE NUMBER: 1:21-CR-00076-01-JJM

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

Judgment—Page 6 of 10

DEFENDANT:  ALEXANDER E. ISTOMIN
CASE NUMBER:  1:21-CR-00076-01-JJM

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program of mental health as directed and approved by the Probation Office.

2. The defendant shall contribute to the cost of all ordered treatment and testing based on ability to pay as determined by the probation officer.

3. The defendant shall participate in a manualized behavioral program as directed by the USPO. Such program may include group sessions led by a counselor or participation in a program administered by the USPO. The defendant shall pay for the cost of treatment to the extent he is able as determined by the probation officer.

4. The defendant is to provide access to all financial information requested by the supervising probation officer including, but not limited to, copies of all federal and state income tax returns. All tax returns shall be filed in a timely manner.

5. The defendant will not open new lines of credit, which includes the leasing of any vehicle or other property or use existing credit resources without the prior approval of the supervising probation officer until court ordered financial obligations have been satisfied.

6. The defendant will maintain one personal checking account. All the defendant's income, monetary gains, or other pecuniary proceeds will be deposited into this account, which will also be used for payment of all personal expenses. Records of all other bank accounts, including business accounts, will be disclosed to the supervising probation officer upon request.

7. The defendant will not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $1,000.00 without the approval of the supervising probation officer until all financial obligations imposed by this court have been satisfied.

8. The defendant will not hold employment having fiduciary responsibilities during the supervision term without first notifying the employer of the conviction. The defendant will not hold self-employment having fiduciary responsibilities without approval of the supervising probation officer.

9. The defendant will cooperate with the U.S. Probation Office in the investigation and approval of any position of self-employment, including any independent, entrepreneurial, or freelance employment or business activity. If approved for self-employment, the defendant will provide the U.S. Probation Office with full disclosure of self-employment and other business records, including, but not limited to, all of the records identified in the Probation Form 48F (Request for Self-Employment Records), or as otherwise requested by the U.S. Probation Office

DEFENDANT: ALEXANDER E. ISTOMIN
CASE NUMBER: 1:21-CR-00076-01-JJM

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 1,100.00 | $ 11,923,686.30 | $ 30,000.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Aetna-SIU Overpayments<br>PO Box 981105<br>El Paso, Texas 79998-1105<br>Case # 20183289 | $3,287,791.75 | $3,287,791.75 | |
| Cigna Healthcare<br>900 Cottage Grove Rd.--W3SIU<br>Hartford, CT 06152<br>Attn: Josephine Canihuante | $130,642.96 | $130,642.96 | |
| Humana<br>101 East Main Street<br>Louisville, KY 40202<br>Re: SIU20210957502 | $1,120,982.62 | $1,120,982.62 | |
| TOTALS | $ 11,923,686.30 | $ 11,923,686.30 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the  ☑ fine  ☑ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19) Judgment in a Criminal Case Sheet 5B — Criminal Monetary Penalties

DEFENDANT: **ALEXANDER E. ISTOMIN**
CASE NUMBER: **1:21-CR-00076-01-JJM**

Judgment—Page __8__ of __10__

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| BC/BS Florida<br>4800 Deerwood Campus Parkway (DCC 1-7)<br>Jacksonville, Florida 32246<br>Attn: Jose Ramos | $4,994.00 | $4,994.00 | |
| BC/BS Mass Medical<br>101 Huntington AV9, Suite 1300<br>Boston, Massachusetts 02199<br>Attn: Jennifer L. Stewart | $114,638.74 | $114,638.74 | |
| Anthem Medical Claims<br>3350 Peachtree Road NE, Suite 300, Mailstop: GAG006-0016<br>Atlanta, GA 30326 (Attn: Kathy Shiver) | $424,578.03 | $424,578.03 | |
| Anthem Prescription Claims<br>3350 Peachtree Road NE, Suite 300, Mailstop: GAG006-0016<br>Atlanta, GA 30326 (Attn: Kathy Shiver) | $32,816.69 | $32,816.69 | |
| United Healthcare<br>Lockbox 945931<br>3585 Atlanta Avenue<br>Hapeville, GA 30354-1705 | $720,172.50 | $720,172.50 | |
| United Healthcare Prescriptions<br>Lockbox 945931<br>3585 Atlanta Avenue<br>Hapeville, GA 30354-1705 | $359,089.01 | $359,089.01 | |
| Medicare Medical Claims<br>P.O. Box 7520<br>Baltimore, MD 21207-0520<br>Attn: Veronica Moore | $614,663.00 | $614,663.00 | |
| Medicare Part D Prescriptions<br>P.O. Box 7520<br>Baltimore, MD 21207-0520<br>Attn: Veronica Moore | $5,113,317.00 | $5,113,317.00 | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: ALEXANDER E. ISTOMIN
CASE NUMBER: 1:21-CR-00076-01-JJM

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 11,954,786.30 due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
   See attached page.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

Judgment—Page 10 of 10

DEFENDANT: ALEXANDER E. ISTOMIN
CASE NUMBER: 1:21-CR-00076-01-JJM

# ADDITIONAL FORFEITED PROPERTY

A. $43,911.11 in funds from bank account No. XXXX2586 in the name of Alexander Eugene Istomin, MD at Citibank, Providence, Rhode Island seized by the FBI on August 11, 2021.

B. $863.72 in funds from bank account No. XXXX2029 in the name of Alexander Eugene Istomin at Webster Bank, Boston, Massachusetts seized by the FBI on August 11, 2021.

C. $2,971.48 in funds from bank account No. XXXXXX9433 in the name of Alexander Eugene Istomin at Regions Bank, Birmingham, Alabama seized by the FBI on August 11, 2021.

D. $2,316.30 in funds from bank account No. XXXX7027 in the name of Alexander Eugene Istomin at Regions Bank, Birmingham, Alabama seized by the FBI on August 11, 2021.

E. $1,567.08 in funds from bank account No. XXXX4148 in the name of Alexander Eugene Istomin at Regions Bank,Birmingham, Alabama seized by the FBI on August 11, 2021.

F. $1,589.57 in funds from bank account No. XXXX5986 in the name of DBA Alexander E. Istomin MD at Bank of America, Boston, Massachusetts seized by the FBI on August 11, 2021.

G. $635.91 in funds from bank account No. XXXX0293 in the name of New York Medical Center LLC at Bank of America, Boston, Massachusetts seized by the FBI on August 1, 2021.

H. $1,947.74 in funds from bank account No. XXXX1753in the name of Alexander Eugene Istomin at Amerasia Bank, Flushing, New York seized by the FBI on August 11, 2021.

I. $350.78 in funds from bank account No. XXXX0095 in the name of NY Medical Center at Amerasia Bank, Flushing, NY seized by the FBI on August 11, 2021.

J. $17,200.00 cash/currency in lieu of one 2013 BMW X1 SUV seized by the FBI on August 11, 2021, in Fort Lauderdale, Florida.

K.. $19,400.00 cash/currency in lieu of one a 2015 Audi Q5 SUV seized by the FBI on August 11, 2021, in Fort Lauderdale, Florida.

L. $21,212.39 cash/currency in lieu of one a 2017 Porsche Macan Wagon seized by the FBI on August 11, 2021, in Fort Lauderdale, Florida.

M. A money judgment in the amount of $4,379,158.98, which is equal to the total amount of any property, real or personal, which constitutes or is derived from the gross proceeds traceable to violations of/obtained as a result of the offenses of conviction